THE HONORABLE JAMES L. ROBART

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

UNITED STATES OF AMERICA,

Plaintiff,

v.

SUMMERHILL PLACE, LLC, GRAN, INC., and RITA LOVEJOY,

Defendants.

No.: 2:10-CV-01150-JLR

**Stipulated Protective Order**

Noted:  November 18, 2010

11
12
13
14
15
16

This Stipulated Protective Order is entered into by plaintiff United States of America and defendants Summerhill Place, LLC, GRAN, Inc., and Rita Lovejoy, by and through their attorneys of record, for the purpose of efficient and reasonable discovery in this matter while appropriately protecting the confidentiality of sensitive information in documents produced and material disclosed in this litigation.  The undersigned attorneys are also parties to this Stipulated Protective Order.

The Parties hereby stipulate and Court orders as follows:

1.      "Confidential" material and documents is that material and those documents that any Party designates as Confidential because it contains confidential, proprietary, or trade secret information or other information that is subject to privacy statutes such as the

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 1

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

Privacy Act of 1974, 5 U.S.C. § 522a.  It shall include those documents later identified by the producing Party as Confidential even if produced prior to the execution of this Stipulated Protective Order.  With respect to information that may be subject to the Privacy Act:

    a.    In the course of discovery in this case, the Parties may request documents that contain information that is appropriately deemed confidential, such as information which is subject to the Privacy Act of 1974, 5 U.S.C. § 522a, or protected by other laws.  Such documents sought may contain highly personal information about parties and non-parties, which could result in unnecessary intrusion upon their privacy interests.

    b.    While disclosure of such information ordinarily is prohibited in civil litigation, the Privacy Act provides, as an exception, that such records may be released "pursuant to the order of a court of competent jurisdiction."  5 U.S.C. § 552a(b)(11).  This Stipulated Protective Order, as an order of this Court, therefore, would provide a basis for release of the requested information pursuant to the Privacy Act and Fed. R. Civ. P. 26(c), as well as insulate the plaintiffs from potential liability for improper disclosure.  *See* 5 U.S.C. § 552a(g)(1).

2.    A Party shall only designate as Confidential material that the Party in good faith believes is confidential.  Mass, indiscriminate designations are prohibited under this Stipulated Protective Order.  The Party who designates any material as Confidential bears the burden of establishing the confidential or protected status of such material in any situation in which the designation is at issue.  All such documents and all information therein shall not be disclosed to others except as permitted under this Stipulated Protective Order, and are limited to use or disclosure only for the sole purpose of this lawsuit.

3.    None of the confidentiality restrictions in this Stipulated Protective Order shall apply to information that (i) exists in the public records, (ii) becomes available to the Parties or their representatives on a non-confidential basis from a source that is legally permitted to

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 2

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

divulge or disclose such information.

4.    Regardless of whether a party designates a document as "Confidential" under this Stipulated Protective Order, if a document contains information that may not be filed in the public record under Federal Rule of Civil Procedure 5.2, the Parties will comply with Rule 5.2 for redacting such information.

5.    The terms "Party" and "Parties" shall refer to plaintiff United States of America and defendants Summerhill Place, LLC, GRAN, Inc., and Rita Lovejoy.

6.    The term "Counsel" shall be restricted to those attorneys who need the "Confidential Documents" in order to work on behalf of a Party.

7.    The Parties may designate material and documents as "Confidential" as follows:

a.    In the case of documents, interrogatory answers, responses to requests to admit, and the information in these, the designation shall be made by placing the phrase "Confidential – Subject to Protective Order" on each page.  Material in non-paper form may be designated in a manner that will effectively ensure that it will be treated as confidential under this Stipulated Protective Order.

b.    Material and documents designated as Confidential may be used in depositions.  A Party may designate a portion of a transcript of a deposition or exhibits that include Confidential material as Confidential, and may do so on the record during the deposition or within 15 court days after receipt of the transcript.

8.    Documents identified by a Party as "Confidential" may not be used by the parties receiving the designated confidential documents in any other investigation and/or action other than the present lawsuit and shall not be disclosed by counsel to any person other than:

a.    Counsel, and their secretaries, paralegals, administrative staff, contractors (other than experts and consultants identified in (b) below), and other

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 3

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

1   personnel;

2          b.      Experts and consultants necessary to assist such Counsel in

3   prosecuting, defending, or settling the claims asserted by the Parties, and who have

4   signed an Acknowledgment in the form attached as Attachment A;

5          c.      Any Party or employee, officer, or director of such Party, including but

6   not limited to, investigators, insurers or reinsurers, who have signed an

7   Acknowledgment in the form attached as Attachment A, to the extent deemed

8   necessary by Counsel for the prosecution, defense, or settlement of the claims

9   asserted by the Parties;

10         d.      Any deponent, prospective witness, or trial witness who has signed an

11  Acknowledgment in the form attached as Attachment A.

12         e.      The judge, court personnel, court reporters, and similar personnel;

13         f.      Any person who was involved in the preparation of the document or

14  who received or reviewed it prior to the litigation;

15         g.      Other persons who are authorized in writing by agreement of all Parties

16  and who sign an Acknowledgment in the form attached as Attachment A.

17         9.      Counsel shall fully apprise and advise their experts, Parties, and employees of

18  Parties of all conditions and terms of this Stipulated Protective Order.  Copies of this

19  Stipulated Protective Order shall be provided to all experts, Parties, and employees of Parties

20  along with the admonition that said experts, Parties, and employees of Parties are fully bound

21  by this Order.  No Party or Counsel may disclose Confidential material, documents, or

22  discovery responses to any of the persons identified in paragraphs 8.b. through 8.d. or 8.g.

23  above without first obtaining the agreement of such person in the form attached as

24  Attachment A.

25         10.     Counsel may hire outside document production services to copy, scan, or

26  handle "Confidential" materials as necessary without prior knowledge or consent of the other

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 4

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

Parties and without a requirement that such services or their employees sign Attachment A.

11. Documents containing Confidential material shall not be filed with the Court unless it is reasonably necessary to do so for purposes of trial, motions, or other matters. The filing party shall take all reasonable steps to file Confidential material under seal in compliance with Federal Rule of Civil Procedure 26(c) and Local Rules CR 5(g) and CR 26(c).

12. If a Party wishes to use Confidential material to support or oppose a motion or at trial, the following procedures shall apply:

      a. The Party submitting the material shall submit to the Court a motion or stipulation to seal in accordance with Local Rule CR 5(g) contemporaneous with the filing of the Confidential material under seal and shall adhere to all requirements in Local Rule CR 5(g) for filing such material under seal. If the Party that designated the material as Confidential is the party filing the motion to seal, that Party must make the showing required under Local Rule CR 5(g) in its motion to seal.

      b. If the Party that designated the material as Confidential is not the party filing the motion to seal, that Party shall make the showing required under Local Rule CR 5(g) in its response to the motion to seal.

      c. Any motion to seal filed under this Stipulated Protective Order shall be noted for consideration in accordance with Local Rule CR 7(d)(2)(C). The Clerk of the Court shall maintain the confidential materials under seal until the Court rules on the motion to seal.

      d. In the alternative, a Party seeking to submit material designated as Confidential may provide the designating party with a redacted version of the designated document before it is filed. If the designating party agrees in writing, then the redacted version may be filed without being

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 5

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington 98101-1618
Telephone: 206.292.8930

1    sealed.

2    13.    This Stipulation shall be without prejudice to the right of any party to apply to

3    the Court to:

4    a.    Seek a modification of the Stipulated Protective Order or seek a further

5    protective order;

6    b.    Challenge at any time whether any particular information or document

7    is or is not confidential;

8    c.    Seek other relief from any other obligation under this Stipulated

9    Protective Order by showing the Court appropriate grounds therefore.

10    14.    This Agreement may be amended by leave of the Court or by written

11    stipulation of counsel, whether or not filed with the Court.

12    15.    At the conclusion of this case, all appeals, or other termination of proceedings,

13    all Confidential material and documents produced under the provisions of this Stipulated

14    Protective Order (and all copies, including all copies provided to a person listed in

15    paragraphs 8(b) through 8(d) and 8(g)) and all extracts and summaries of such documents

16    shall be returned to Counsel for the producing Party or destroyed.  This Stipulated Protective

17    Order, insofar as it restricts the communication and use of the material and documents

18    produced under this Stipulated Protective Order or information obtained from such

19    documents, shall continue to be binding after the conclusion of this Action.

20    **Stipulation**

21    The Parties hereby stipulate to the foregoing.

22

23

24

25

26

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 6

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

1    DATED:  November 18, 2010

2                                        Bullivant Houser Bailey PC

3                                        /s/ Brian K. Keeley
4                                        Pamela Salgado, WSBA #22741
                                         E-Mail: pam.salgado@bullivant.com
5                                        Brian K. Keeley, WSBA #32121
                                         E-Mail: brian.keeley@bullivant.com
6                                        Attorneys for Defendants

7                                        Bullivant Houser Bailey PC
                                         1601 Fifth Avenue, Suite 2300
8                                        Seattle, Washington  98101-1618
                                         206.292.8930
9
10                                       /s/ Julie Allen
                                         TIMOTHY J. MORAN
11                                       Deputy Chief
                                         JULIE ALLEN
12                                       VABA #41578
                                         Trial Attorney
13                                       Attorneys for Plaintiff United States of
                                         America
14
                                         Housing and Civil Enforcement Section
15                                       Civil Rights Division
                                         U.S. Department of Justice
16                                       950 Pennsylvania Ave., N.W. – G Street
                                         Washington, D.C. 20530
17                                       E-mail: julie.allen@usdoj.gov
                                         Phone: 202-307-6275
18                                       Fax: 202-514-1116

19
20                            **Order**

21        IT IS SO ORDERED

22
23   Dated this _____ day of _____, 2010    _____
24                                        HONORABLE JAMES L. ROBART
                                          UNITED STATES DISTRICT JUDGE
25
     12919262.1
26

Stipulated Protective Order                      Page 7        **Bullivant|Houser|Bailey PC**
No.: 2:10-Civil-01150-JLR                                      1601 Fifth Avenue, Suite 2300
                                                               Seattle, Washington  98101-1618
                                                               Telephone: 206.292.8930

**Attachment A**

**Acknowledgment**

The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order entered by the Court on _____ in *United States of America v. Summerhill Place, LLC, GRAN, Inc., and Rita Lovejoy*, U.S. District Court, Western District of Washington, Case No. 2:10-CV-01150-JLR; that he or she is one of the persons described in paragraph 8.b. through 8.d. or 8.g. of the Stipulated Protective Order as authorized to receive Confidential material, and that he or she has reads and fully understands and agrees to abide by the terms of the and requirements of the Stipulated Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Title or Position)

_____
(Company)

_____
(Date)

Stipulated Protective Order
No.: 2:10-Civil-01150-JLR

Page 8

**Bullivant|Houser|Bailey PC**
1601 Fifth Avenue, Suite 2300
Seattle, Washington  98101-1618
Telephone: 206.292.8930

**CERTIFICATE OF SERVICE**

I hereby certify that on November 18, 2010, I electronically filed the foregoing with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the persons listed below:

Julie Jackson Allen                                      Patricia D. Gugin
US Department of Justice                          US Attorney's Office
950 Pennsylvania Ave. NW                       1201 Pacific Ave., Ste. 700
Rm 4040-PHB                                              Tacoma, WA  98402
Washington, DC  20530                             253-428-3832
202-307-6275                                              Email: pat.gugin@usdoj.gov
Email:  julie.allen@usdoj.gov


                                                    /s/Brian K. Keeley
                                                    Brian K. Keeley
                                                    brian.keeley@bullivant.com

Stipulated Protective Order                                      Page 9           **Bullivant|Houser|Bailey PC**
No.: 2:10-Civil-01150-JLR                                                                    1601 Fifth Avenue, Suite 2300
                                                                                                         Seattle, Washington  98101-1618
                                                                                                         Telephone: 206.292.8930